**In re Marcia Lavonne DAVIS, Debtor.**

**Marcia Lavonne DAVIS, Plaintiff,**

**v.**

**Jim WASHINGTON dba Palmer Lester II Ltd., Inc., Defendant.**

**Bankruptcy No. 3–85–01306.**
**Adv. No. 3–85–0301.**

United States Bankruptcy Court,
S.D. Ohio, W.D.

June 5, 1986.

Thomas Glasper, Dayton, Ohio, for plaintiff.

Ronald E. Reichard, Dayton, Ohio, for defendant.

## DECISION AND ORDER FOR VIOLATION OF STAY

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the Court at this time on the complaint of plaintiff, who is also the debtor, for an order finding defendant in contempt of court for violating the automatic stay of 11 U.S.C. 362(a) and for judgment for actual and punitive damages for defendant's wanton, malicious and intentional conduct, costs of the action and reasonable attorney fees. The plaintiff was granted a temporary restraining order prohibiting defendant from withholding from plaintiff certain personal clothing, household goods and furniture and ordering plaintiff's belongings returned to her. Defendant acting pro se, filed an answer and "cross-complaint" herein designated counter-claim, for pre-petition rent due by plaintiff to defendant in the amount of $1,750.00 and post-petition rent at $250.00 per month for the months of July, August, September and October, 1985.

At the trial the plaintiff's counsel moved for dismissal of the counter-claim for its untimely filing. The Court denied the motion because the defendant, acting pro se at that time, alleged in his answer that he had not received service of the complaint for damages until January 3, 1986 after which the answer and counter-claims were filed January 29, 1986. Defendant moved to dismiss plaintiff's complaint at the end of plaintiff's evidence. Decision on the motion was reserved, and that motion hereby is overruled.

The testimony at the hearing consisted of numerous exhibits and the testimony of plaintiff and a Mrs. Brown, close friend and acquaintance of plaintiff, and the defendant Jim Washington. Although the testimony was contradictory and in conflict, the court finds that the salient facts are discernible from the contradictory testimony. Marcia Davis had been a nine year tenant of Jim Washington at the residence at 1509 Honeybee Avenue, Dayton, Ohio. She became in arrears in her rent in December, 1984 after which she paid no rent. Plaintiff and defendant discussed, negotiated and believed they had a purchase agreement for the home which failed when financing was unobtainable by plaintiff in the late winter of 1985. Plaintiff filed a forcible detainer action against defendant in June of 1985, about two weeks before plaintiff filed bankruptcy on June 28, 1985. After receiving no rent from plaintiff in July and August, defendant filed a forcible detainer action in August, 1985. No service was obtained on the second forcible entry and detainer action in County Court of Montgomery County Ohio. On or about September 19 and 20, 1985 defendant inspected the residence of plaintiff and found a broken window and an extension cord connected from the electricity in plaintiff's residence to an adjacent garage. The house inside appeared "tossed" with personal property scattered around the home. On the following day defendant found the extension cord reconnected and the door broken in. Defendant had employees remove all of the personal property of plaintiff to his storage areas allegedly for safe keeping. At about 11:00 P.M. September 20 plaintiff returned home and found her house nearly empty of property and locks changed so that she could not enter. One of defendant's "for rent" signs was in the front yard, which had not been there that morning when she left for work. Plaintiff was left homeless that night with only the clothes she wore as her possessions. Defendant offered no explanation to her for what he had done.

Plaintiff testified that her personal property including furniture, clothing and household goods which were removed and never returned had a value of $5,000. On cross-examination she admitted that she had stated $600 as the value of her household goods, supplies and furnishings including "sofa-bed, two beds, washer-dryer, lawnmower, black and white TV, color TV, dinette with two chairs, etc." She valued her wearing apparel at $50 in the same B-2

Personal Property Schedule. Defendant admits that he stored the furniture and stated that he ordered his employees to return all of the furniture that he had taken in three truckloads. Plaintiff acknowledges receiving only about 10% of her furniture.

Plaintiff and her witness testified that she had no refrigerator, appliance for cooking or other valuable appliances. Defendant returned some of the personal property of plaintiff on or about October 25, 1985 after the Court Order of October 24, 1985.

Plaintiff has rented a refrigerator for $57.00 per month since December 1985 and a microwave oven for an additional sum. The total rental of appliances is $117.00 per month. The agreed rental for the house was $250.00 per month and plaintiff has paid no rent to defendant since filing her bankruptcy petition on June 28, 1985.

## CONCLUSIONS OF LAW

Plaintiff's case was established by her testimony and that of Mrs. Brown, her close friend, who have proved by a preponderance that all of the items of furniture were removed from the premises and that about 10% of them were returned. Defendant admits the removal claiming it was reasonable. Mrs. Brown's testimony serves to corroborate the evidence of the plaintiff as to the loss of 90% of her belongings. Mrs. Brown loaned money to plaintiff for her to rent or acquire essential household items including the refrigerator and microwave oven. Plaintiff's testimony as to the value of her belongings was effectively countered by her cross-examination. She admitted that the same property she has valued at $5,000 at the hearing, she had valued at $650 at the time of her signing her bankruptcy schedules on July 12, 1985 declaring that the schedules were "true and correct to the best of her knowledge, information and belief." With knowledge that the bankruptcy had been filed, defendant's act characterized as "securing" plaintiff's personal property was a violation of the automatic stay. The personal property was property of the estate until exemption rights are determined. Defendant contends that his actions were reasonable under the circumstances of his belief that the house had been burglarized. It is obvious to the Court that his actions in entering and removing plaintiff's belongings were more than incidentally beneficial to his interests. By taking possession of the house he could rent the house to a more financially sound tenant than plaintiff had been. Such "self-help" conduct can not be condoned by the bankruptcy court. Defendant interfered with estate property. Defendant's failure to attempt to contact plaintiff concerning the property he held was not explained and is unjustifiable. Defendant had been the landlord of plaintiff for nine years and had tentatively agreed to sell the house to her several months previously. He must have known where to reach her to explain where her belongings were stored. The most damaging act of defendant was his failure to return *all* of the personal property of plaintiff after being ordered to do so by the court. His action required plaintiff to engage an attorney to recover her property and right the wrong which had been perpetrated against her.

■ Defendant's removal of debtor's property, which was at that time property of the bankruptcy estate, was a violation of the automatic stay of 11 U.S.C. § 362(a). This Court relies upon *Better Homes of Virginia, Inc. v. Budget Service Co.,* 52 B.R. 426 (Bankr.E.D.VA 1985) and *Tel-A-Communications Consultants v. Auto Use,* 50 B.R. 250, 13 B.C.D. 119 for authority to grant judgment for damages caused by violation of the automatic stay, contempt of this court's order to return property, reasonable attorney fees and punitive damages under the provisions of 11 U.S.C. § 362(h).

■ For all of the reasons stated above the Court finds that the plaintiff has been damaged by the loss of 90% of her furniture, household goods and clothing in the amount of $585. She was further damaged

348

by loss of use of all of the property for over one month and of ninety percent of her property until the present time. For those losses plaintiff has incurred rental expense and been damaged for loss of use of her property, all to her damage in the amount of $800. She further incurred the expense of an attorney for an action in injunction and for damages for which defendant should pay plaintiff a reasonable attorney fee for the hearings, preparation and pretrial conference in the sum of $750.

■ Defendant is a real estate broker with 30 years experience in managing and selling real estate. He must be held to a standard of business conduct commensurate with his experience. Defendant's disregard of the automatic stay in entering plaintiff's rented house, removing her property without notice before or after the removal and was indifferent in returning plaintiff's belongings by casually ordering his employees to return what was taken without assuring himself it was done. The defendant's conduct under those circumstances warrants the Court's imposition of punitive damages. The Court awards $1000 as punitive damages against defendant.

The evidence is clear that plaintiff occupied the house of defendant for two months and 20 days until defendant removed her belongings and took possession of the house from plaintiff. Defendant is not entitled to rent for the last ten days of September after evicting plaintiff and preventing occupancy. The agreed monthly rental of $250 entitles defendant to judgment against plaintiff for $666.67.

IT IS, THEREFORE, ORDERED that plaintiff have judgment against defendant for actual damages of $1,385.00, punitive damages in the amount of $1,000, attorney fees in the amount of $750 and the costs herein.

IT IS FURTHER ORDERED that defendant have judgment against plaintiff for unpaid rent for the sum of $666.67.