In re MANLON, INC., Debtor.

MANLON, INC., Plaintiff,

v.

SANITATION DISTRICT NO. 1 OF CAMPBELL AND KENTON COUNTIES; Associated Pipeline Contractors, Inc.; Acceleration National Insurance Company; Belleview Sand & Gravel, Inc., Defendants.

Bankruptcy No. 93–60281.
Adv. No. 93–6028.

United States Bankruptcy Court,
E.D. Kentucky,
Corbin Division.

June 21, 1994.

Robert J. Brown, Lexington, KY, for plaintiff/debtor.

William T. Shier, Lexington, KY, for Acceleration Nat. Ins. Co.

## MEMORANDUM OPINION

WILLIAM S. HOWARD, Bankruptcy Judge.

This matter is before the Court on Motions for Partial Summary Judgment filed herein by defendant Acceleration National Insurance Company ("Acceleration") and the Response filed by the plaintiff. Acceleration's Motions are in regard to Counts VI, VII, and XII of the plaintiff's Complaint. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(E), (F) and (H).

The plaintiff's Complaint was filed herein on August 24, 1993. It seeks turnover of property, a determination of the validity, priority and extent of liens, and the setting aside of preferential and post-petition transfers. Count VI alleges that Acceleration sent a letter to defendant Sanitation District No. 1, demanding that no funds be paid to the plaintiff without Acceleration's prior approval. The plaintiff alleges that this constitutes an act to exercise control over property of the estate, a willful violation of the automatic stay.

Count VII alleges that Acceleration's failure to pay claims was a breach of contract which caused actual and consequential damages. Count XII alleges that neither Acceleration nor defendant Associated Pipeline, Inc. directed Sanitation District No. 1 to release funds owed to the plaintiff and that this was a willful violation of the automatic stay as well.

The plaintiff was a general contractor on a sewer construction project in northern Kentucky. It filed its Chapter 11 petition in this Court on July 12, 1993. Acceleration and the plaintiff had entered into a Master Surety Agreement on October 5, 1989. Pursuant to this Agreement, Acceleration has provided payment and performance bonds, including one entered into on August 20, 1992, concerning the sewer construction project being performed for Sanitation District No. 1. On August 12, 1993, Acceleration's agent, Brewer, McGraw & Associates, sent a letter to Sanitation District No. 1 directing it not to

issue checks to the plaintiff without prior written consent of Acceleration or its agent.

Defendant Associated Pipeline Contractors, Inc. ("Associated"), was a subcontractor of the plaintiff on the sewer construction project. Associated made a claim under Acceleration's bond in the amount of $67,909.17. Included in that sum was the sum of $56,-106.59, representing the materialmen's lien Associated had filed against funds held by Sanitation District No. 1. Acceleration paid Associated $61,118.25 and took an assignment of Associated's $56,106.59 lien claim on October 27, 1993. On October 20, 1993, this Court had entered an order sustaining the plaintiff's Motion for Preliminary Injunction. Among the order's provisions was one stating: "The Sanitation District shall hold the sums subject to the lien claimed by Associated Pipeline, Inc. pending further orders of the court."

Acceleration filed its Motions for Partial Summary Judgment on April 15, 1994. The plaintiff filed its Response on April 26, 1994. The Motions in regard to Counts VI and XII allege that Acceleration is entitled to judgment as a matter of law because the plaintiff asks for damages for willful violation of the automatic stay in those Counts, and 11 U.S.C. § 362(h) does not provide for damages to a corporate debtor. The plaintiff contends that the term "individual" in § 362(h) includes corporations.

■ The circuits appear to be evenly divided on the issue of whether a corporate debtor may seek and recover damages pursuant to 11 U.S.C. § 362(h). That provision states:

An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

The controversy revolves, of course, around the question of whether the term "individual" includes a corporate entity. The Third and Fourth Circuits have ruled that it does.

The earlier of the two cases, *Budget Service Co. v. Better Homes of Virginia*, 804 F.2d 289 (4th Cir.1986) held that

... § 362(h) must be read in conjunction with the rest of § 362 and ... its sanctions are not limited to the relief of an 'individual' in the literal sense. The Bankruptcy Code does not define the word individual. We agree that it seems unlikely that Congress meant to give a remedy only to individual debtors against those who willfully violate the automatic stay provisions of the Code as opposed to debtors which are corporations or other like entities. Such a narrow construction of the term would defeat much of the purpose of the section, and we construe the word 'individual' to include a corporate debtor.

At page 292. In *In re Atlantic Business and Community Corp.*, 901 F.2d 325, 329 (3rd Cir.1990), the court cited *Better Homes of Virginia* in stating that § 362(h) "has uniformly been held to be applicable to a corporate debtor." This is obviously something of an overstatement.

The Second and Ninth Circuits have come to a different conclusion concerning the application of § 362(h) to a corporate debtor. Both of the cases originating in these Circuits refer to the Supreme Court's decision in *United States v. Ron Pair Enterprises, Inc.*, 489 U.S. 235, 242–43, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989), wherein the Court held that "[t]he plain meaning of legislation should be conclusive, except in the 'rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of the drafters.'"

Both *In re Goodman*, 991 F.2d 613 (9th Cir.1993) and *In re Chateaugay Corp.*, 920 F.2d 183 (2nd Cir.1990) hold that corporate entities cannot recover compensatory damages for a creditor's willful violation of the automatic stay and that § 362(h) applies only to natural persons. Both cases cite *Ron Pair*, as stated above, and then go on to analyze why Code language requires that conclusion.

The *Chateaugay* court stated:

Although the code does not define 'individual,' it does define 'person' in § 101(35) to include 'individual, partnership, and corporation ...' Throughout the code, rights and duties are allocated in some instances

to 'individuals' and in others to 'persons.' Section 109, *'Who may be a debtor,'* uses 'person' in certain situations and 'individual' in others. Chapter 13 of the code is available only to an 'individual with regular income ... or an individual with regular income and such individual's spouse ...' 11 U.S.C. § 109(e) The text of other code provisions demonstrates that Congress used the word 'individual' rather than 'person' to mean a natural person.

At page 184. The court went on to observe:
... a reading of § 362(h) in conformity with its plain meaning is not illogical, or inconsistent either with the automatic stay provisions of § 362(a) or with the rest of the code.... Congress may well have thought that individual debtors were particularly vulnerable to violations of the stay by debt-collection agencies and others who may be tempted to believe that individuals are less likely than corporations to be aware of their rights under the automatic stay. Congress may have concluded that this consideration, ..., warranted an explicit code provision to punish stay violations and compensate debtors, in addition to civil contempt, when the debtors are individuals.

At page 186.

The *Goodman* court adopted the *Chateaugay* court's reasoning:
We conclude that the Second Circuit's determination in *Chateaugay* is correct: 'individual' means individual, and not a corporation or other artificial entity. The Fourth and Third Circuit's analysis is inconsistent with the principles of statutory construction set forth by the Supreme Court in *Ron Pair*. ... As pointed out in *Chateaugay*, Congress enacted § 362(h) as one of several 'Consumer Credit Amendments,' apparently meant to protect natural, or individual, debtors.

At pp. 619–620.

The Second and Ninth Circuits took into account the circumstances of the enactment of § 362(h), as well as the Supreme Court's decision in *Ron Pair*. They also performed more searching analyses of Code language than the other courts in coming to their conclusions. This Court concludes that these decisions are the better reasoned of those under consideration. It is therefore the opinion of this Court that the plaintiff may not recover damages pursuant to § 362(h), and that Acceleration is entitled to judgment as a matter of law on Counts VI and XII of the Complaint.

■ The plaintiff has alleged in its Response that even if the Court should rule that it may not recover damages pursuant to § 362(h), it should be able to recover them under the theory of ordinary civil contempt under 11 U.S.C. § 105. It is the opinion of this Court that such action would not be appropriate in this matter under the circumstances.

■ As concerns Acceleration's Motion for Partial Summary Judgment in regard to Count VII of the Complaint, it contends that it is entitled to judgment as a matter of law because it has paid every confirmed or undisputed claim that has been submitted. It has submitted the affidavit of Lee Brewer, of Brewer, McGraw & Associates, which sets out the claims which Acceleration has paid. The plaintiff does not contradict this assertion, but argues that failure to pay claims promptly constituted a breach.

It is the opinion of this Court that not paying claims as quickly as the plaintiff wanted does not rise to the level of bad faith and unfair dealing. Acceleration's handling of the claims was not unreasonable, especially in light of the uncontradicted fact of their ultimate payment. Acceleration did not breach its contract to act as surety for the plaintiff.

In consideration of all of the foregoing, it is therefore the opinion of this Court that defendant Acceleration National Insurance Company has sustained its burden of demonstrating that there is no genuine issue as to any material fact, and that it is entitled to judgment as a matter of law on Counts VI, VII, and XII of the plaintiff's Complaint. An order in conformity with this opinion will be entered separately.