In re The **ELDER–BEERMAN STORES CORP.**, et al., Debtors.

The **ELDER–BEERMAN STORES CORP.**, Plaintiff,

v.

**THOMASVILLE FURNITURE INDUS. INC.**, Defendant.

Bankruptcy No. 95–33643.
Adversary No. 96–3047.

United States Bankruptcy Court,
S.D. Ohio,
Western Division.

June 19, 1996.

**630**

Richard M. Cieri, Cleveland, OH, for Elder–Beerman Stores Corp.

William B. Sullivan, Womble Carlyle Sandridge & Rice, Winston–Salem, N.C.

Richard A. Chesley, Jones, Day, Reavis & Pogue, Columbus, Ohio.

## DECISION AND ORDER DENYING THE AWARD OF § 362(h) DAMAGES TO CORPORATE DEBTOR AND RESERVING THE ISSUE OF DAMAGES FOR CIVIL CONTEMPT

WILLIAM A. CLARK, Chief Judge.

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the standing order of reference entered in this district. This proceeding constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

### PROCEDURAL HISTORY

In its Decision and Order dated May 2, 1996, this court found that Thomasville Furniture Industries, Inc. ("Thomasville") had violated the automatic stay of 11 U.S.C. § 362 when Thomasville attempted, unilaterally and without leave of the court, to terminate its contract with The Elder–Beerman Stores Corp. ("Elder–Beerman"). In that Decision and Order, the court found that not only was Thomasville aware of Elder–Beerman's existing bankruptcy petition but that the facts clearly demonstrated that Thomasville was motivated by the bankruptcy in attempting the termination. In a previously entered Decision and Order dated May 1, 1996, the court declined to annul the automatic stay and retroactively validate Thomasville's acts.

Having therefore found Thomasville's attempted termination to be both motivated by the bankruptcy and in violation of the automatic stay, and having declined to annul the stay, the court in a pre-trial conference held on May 16, 1996 and the resulting pretrial order filed May 23, 1996, directed the parties to address the split in the case law as to the applicability of 11 U.S.C. § 362(h) damages to corporate debtors.

### CONCLUSIONS OF LAW

While the primary issue before the court today is the application of § 362(h) damages to corporate debtors, the court notes that

both parties have gone beyond the scope of its request and provided information regarding the court's power under the Bankruptcy Code to issue civil contempt orders. The court will therefore address both issues in turn.

### SECTION 362(h) & CORPORATIONS

■ Section 362(h) of the United States Bankruptcy Code states that "[a]n *individual* injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(h) (1994) (emphasis added).

As the Bankruptcy Code does not define the term "individual," there understandably has been much confusion in the courts as to this issue.

The appellate courts are split on the issue of whether a corporate debtor may recover damages under § 362(h). *Compare Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 292 (4th Cir.1986) (corporations may recover) *and Cuffee v. Atlantic Business & Community Dev. Corp. (In re Atlantic Business & Community Dev. Corp.)*, 901 F.2d 325, 329 (3d Cir.1990) (following *Budget Serv.* without comment) *with Johnston Envtl. Corp. v. Knight (In re Goodman)*, 991 F.2d 613, 619 (9th Cir.1993) (" 'individual' means individual, and not a corporation or other artificial entity.") *and Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.)*, 920 F.2d 183, 186 (2d Cir.1990) (only natural persons may recover).

The Fourth Circuit is the only appellate court that has considered the issue on its merits and concluded that § 362(h) applies to corporations as well as natural persons. *Budget Serv.*, 804 F.2d at 292. The court concluded that "§ 362(h) must be read in conjunction with the rest of § 362 and that its sanctions are not limited to the relief of an 'individual' in the literal sense." *Id.*

As the Sixth Circuit has not to date ruled on this issue, the lower courts within the Circuit are equally split. *Compare United States v. Academy Ans. Serv., Inc. (In re Academy Ans. Serv., Inc.)*, 100 B.R. 327, 329

(N.D.Ohio 1989) ("In view of . . . the lack of a persuasive rationale for distinguishing individuals and corporations as candidates for the contemplated relief, this Court is not satisfied that § 362(h) protection is unavailable to corporations.") *and Mallard Pond Partners v. Commercial Bank & Trust Co. (In re Mallard Pond Partners)*, 113 B.R. 420, 423 (Bankr.W.D.Tenn.1990) ("this court holds that for purposes of § 362(h) the word 'individual' is construed to include a partnership (or corporate) debtor.") *and Schewe v. Fairview Estates (In re Schewe)*, 94 B.R. 938, 948 (Bankr.W.D.Mich.1989) ("An 'individual' as set forth in § 362(h) may include a corporate entity.") *with Manlon, Inc. v. Sanitation Dist. No. 1 (In re Manlon, Inc.)*, 168 B.R. 594, 597 (Bankr.E.D.Ky.1994) ("This Court concludes that [the Second and Ninth Circuit] decisions are the better reasoned of those under consideration."). *See also Metropolitan Life Ins. Co. v. Alside Supply Ctr. (In re Clemmer)*, 178 B.R. 160, 166 (Bankr. E.D.Tenn.1995) (recognizing split but not addressing issue).

The award of § 362(h) damages to a corporate debtor is an issue of first impression for this court. As Plaintiff has indicated, this court has in the past relied on the *Budget Serv.* opinion in awarding damages under § 362(h). *See, e.g. In re Davis*, 62 B.R. 345, 347 (Bankr.S.D.Ohio 1986) (awarding damages to a noncorporate entity). The *Davis* opinion did not, however, address the issue before the court today.

The court finds it significant that nearly every court that has considered this issue after the Supreme Court holding in *Ron Pair Enterprises* has concluded that the term "individual" excludes corporations. *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989).

The *Ron Pair* Court utilized what has become known as the "plain meaning" approach to statutory interpretation, stating that "where . . . the statute's language is plain, 'the sole function of the courts is to enforce it according to its terms.'" *Id.* at 241, 109 S.Ct. at 1030 (quoting *Caminetti v. United States*, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)).

This reasoning supports the conclusion of the Second and Ninth Circuits in the following way: Section 101(41) of the Code defines "person" as an "individual, partnership, [or] corporation." 11 U.S.C. § 101(41) (1994). Thus had Congress intended for corporate debtors to be able to recover under § 362(h), it had available to it the much broader term "person." In addition, by defining "person" to include both individuals and corporations, Congress clearly indicated that these two entities are distinguishable. Courts have therefore concluded that in order for the statute to make sense, individuals, partnerships, and corporations must be separate entities. *See, e.g., In re Goodman,* 991 F.2d at 619; *In re Chateaugay Corp.,* 920 F.2d at 184.

As the plain meaning of § 101(41) dictates that the term "individual" be read to exclude partnerships and corporations, so must the plain meaning of § 362(h) be read to apply only to individuals, and not corporations. This reasoning is borne out in the legislative history of § 362(h), as is noted by the Second Circuit:

> Notably, § 362(h) was included as part of Title III, Subtitle A, Sec. 304 of Public Law 98–353, entitled 'Consumer Credit Amendments,' which contains numerous additions to the code relating only to 'individuals.' 1984 U.S.Code Cong. & Admin.News (98 Stat.) 352. The inclusion of § 362(h) within this subtitle makes it entirely plausible that the use of the word 'individual' was intentional, and that Congress was enacting a series of measures meant to benefit only natural persons.

*In re Chateaugay Corp.,* 920 F.2d at 186.

Thus, after weighing the different approaches presented in the case law, the court concludes that better reasoning is that of those courts relying on the plain meaning of § 362(h) and § 101(41) to conclude that corporate debtors may not receive an award of damages under § 362(h).

Having so concluded, the court finds it unnecessary to reach the contingent issues of willfulness and punitive damages in this context.

## THE COURT'S CONTEMPT POWER UNDER § 105

There is, however, a method by which sanctions can be levied without reference to § 362(h)—through the court's equitable powers and a citation for civil contempt. *See, e.g., Maritime Asbestosis Legal Clinic v. LTV Steel Co., Inc. (In re Chateaugay Corp.),* 920 F.2d 183, 187 (2d Cir.1990) ("For other debtors, contempt proceedings are the proper means of compensation and punishment for willful violation of the automatic stay.").

█ Though courts have argued over whether bankruptcy courts have inherent contempt power, it is clear that they have statutory contempt power. *Hamilton Allied Corp. v. Kerkau Mfg. Co. (In re Hamilton Allied Corp.),* 87 B.R. 43, 45–46 (Bankr. S.D.Ohio 1988) (finding that bankruptcy courts have both inherent and statutory power of civil contempt). Not only is the bankruptcy court's power of contempt recognized in 28 U.S.C. § 1481, which expressly limits the court's criminal but not civil contempt power, but in addition the "plain meaning" of § 105 authorizes the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title," which clearly includes contempt citations. 11 U.S.C. § 105(a) (1994); *see also Mountain Am. Credit Union v. Skinner (In re Skinner),* 917 F.2d 444, 447 (10th Cir.1990) ("[T]he weight of authority supports our holding that section 105(a) empowers bankruptcy courts to enter civil contempt orders.").

Courts have held that the bankruptcy court may achieve under § 105 what it may be unable to otherwise do under § 362(h). *See, e.g., Havelock v. Taxel (In re Pace),* 67 F.3d 187, 193 (9th Cir.1995) ("It is clear that, even though a trustee does not qualify as an 'individual' for purposes of section 362(h), a trustee can recover damages in the form of costs and attorney's fees under section 105(a) as a sanction for ordinary civil contempt."); *In re Bennett,* 135 B.R. 72, 78 (Bankr. S.D.Ohio 1992) (Cole, J.) ("The Court determines that, even if willfulness on the part of the Huntington had not been found, § 105(a)

would permit and justify it to award actual damages and attorneys' fees.").

A citation for civil contempt differs from an award of damages under § 362(h) in several ways. In general, civil contempt may be used either "to coerce future compliance with a court's order, or to compensate for the injuries resulting from the noncompliance." *Ahmed v. Reiss Steamship Co. (In re Jaques )*, 761 F.2d 302, 305–06 (6th Cir.), *cert. denied*, 475 U.S. 1044, 106 S.Ct. 1259, 89 L.Ed.2d 570 (1985). In bankruptcy, levying § 105(a) contempt sanctions adds teeth to the automatic stay provisions that are not expressly protected under § 362(h). Otherwise, creditors of corporate debtors would be emboldened to attempt violative acts, knowing that the worst they would face is the voiding of that act.

■ Section 105 civil contempt, in addition to permitting an award to corporations, does not require a finding of wilfulness. *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191, 69 S.Ct. 497, 499, 93 L.Ed. 599 (1949) ("The absence of wilfulness does not relieve from civil contempt.").

> In order to prevail on such a motion for civil contempt the moving party need only show that the respondent was armed with sufficient facts to give a reasonable man constructive knowledge that the stay was in effect, and that notwithstanding such knowledge, actions were taken in violation of the stay.

*Thacker v. Etter (In re Thacker )*, 24 B.R. 835, 838 (Bankr.S.D.Ohio 1982) (Newsome, J.).

"As a result, the showing required for civil contempt sanctions in connection with a violation of the automatic stay is less stringent than the showing required for sanctions under section 362(h)." *Utah State Credit Union v. Skinner (In re Skinner )*, 90 B.R. 470, 479 (D.Utah 1988), *aff'd sub nom., Mountain Am. Credit Union v. Skinner (In re Skinner )*, 917 F.2d 444 (10th Cir.1990).

■ Civil contempt is not in every way, however, a more powerful remedy than § 362(h). Punitive awards, for example, are not ordinarily available in civil contempt proceedings. *See, e.g., United States v. United Mine Workers*, 330 U.S. 258, 304, 67 S.Ct. 677, 701–02, 91 L.Ed. 884 (1947); *Reed v. Rhodes*, 635 F.2d 556, 558 (6th Cir.1980); *Thacker*, 24 B.R. at 838 n. 1.

■ For a finding of contempt under § 105, the bankruptcy court must find that the ordinary standards of civil contempt have been met. The Sixth Circuit has held that "[a] litigant may be held in contempt if his adversary shows by clear and convincing evidence that 'he violate[d] a definite and specific order of the court requiring him to perform or refrain from performing a particular act or acts with knowledge of the court's order.' " *N.L.R.B. v. Cincinnati Bronze, Inc.*, 829 F.2d 585, 591 (6th Cir.1987) (citing *SEC v. First Financial Group of Texas, Inc.*, 659 F.2d 660, 669 (5th Cir.1981)).

The *Thacker* court held that "[t]he stay imposed under § 362 is comparable to an automatic injunction." *Thacker*, 24 B.R. at 838; *see also Alder v. Hailey (In re Hailey )*, 621 F.2d 169, 172 (5th Cir.1980) (civil contempt is appropriate when the automatic stay has been violated by a party having actual knowledge of the automatic stay). Thus the automatic stay is exactly the kind of "definite and specific order of the court" contemplated by the Sixth Circuit. *N.L.R.B.*, 829 F.2d at 591.

■ In addition, "knowledge of the bankruptcy filing is the legal equivalent of knowledge of the stay." *Wagner v. Ivory (In re Wagner )*, 74 B.R. 898, 904 (Bankr.E.D.Pa. 1987) (Foxx, J.) (Judge Foxx's opinion is widely cited by courts of all levels for this proposition); *see also In re Winters*, 1995 WL 453053, *6 (N.D.Ill.1995); *University Medical Ctr. v. Sullivan*, 125 B.R. 121, 128 (E.D.Pa.1991); *Ramirez v. Fuselier (In re Ramirez )*, 183 B.R. 583, 589 (9th Cir. BAP 1995).

■ As this court has already determined that Thomasville was aware of, and motivated by, the bankruptcy petition, this element of civil contempt has clearly been met.

Thus it is this court's conclusion that it has the power to award actual damages under § 105(a), and that an award of contempt would be appropriate under the facts at bar.

Unlike the mandatory nature of awards under § 362(h), however, civil contempt citations under § 105(a) are discretionary in nature. *See, e.g., United States v. Arkison (In re Cascade Roads, Inc.)*, 34 F.3d 756, 767 (9th Cir.1994); *In re Xavier's of Beville, Inc.*, 172 B.R. 667, 671–72 (Bankr.M.D.Fla.1994). It therefore remains for the court to determine if circumstances make such an award appropriate.

Because, as noted above, civil contempt orders ordinarily do not permit an award for punitive damages, this leaves the issue of actual damages and attorneys' fees. The issue of actual damages arising out of Thomasville's attempted termination and subsequent dealings under the contract goes to the very issue of the underlying complaint in this case.

As this matter has yet to be fully explored, the court finds that any award of actual damages at this point in the case would be premature. The very issue of damages has yet to be litigated, and award of damages under § 105(a) at this point may very well duplicate an award in the underlying complaint. For this very reason as well, the court also finds the issue of attorneys' fees to be premature.

## CONCLUSION

It is therefore the conclusion of this court that as a corporate debtor, Elder–Beerman is not entitled to collect damages under § 362(h). In addition, while the conditions for civil contempt have been met, there has not yet been any showing of actual damages, and absent such a showing, the court finds an award of damages under § 105(a) to be premature, and thus reserves this issue until such time as actual damages may be shown.

IT IS SO ORDERED.