**In re Geraldine McCAULLEY, Debtor.**

**Bankruptcy No. 97–62686.**

United States Bankruptcy Court,
N.D. Ohio.

March 19, 1998.

MEMORANDUM OPINION AND ORDER

JAMES H. WILLIAMS, Bankruptcy Judge.

Pending before the court are motions for sanctions to be imposed against the Debtor herein, Geraldine McCaulley, for her failure to submit to examination under Fed.R.Bankr. P.2004. The motions are brought by Mary L. McCaulley, Administratrix of the Estate of James A. McCaulley, Deceased; McCaulley Dairy, Inc.; Wintersong Village of Hayesville, Inc.; J.A. Reeder & Sons, Inc.; Ray Kissel, CPA; Terry Mairs; Medical Properties Advisors Corp.; and Oak Grove Manor, Inc., all creditors of the debtor.

The hearing on said motion was noticed for December 23, 1997. The Debtor was duly served with said notice by ordinary United States mail on December 2, 1997. At the hearing, the Debtor appeared through her then counsel, D. Jean Sanchez, Esq. who, pleading a lack of opportunity to prepare her client's defense to the motions for sanctions, requested a continuance. The Court, being satisfied with the reasons given by counsel in support of her request, accordingly adjourned the hearing to January 21, 1998.

The Court heard arguments in support of and in opposition to the motions for sanctions on January 21, 1998. Then counsel for Debtor, D. Jean Sanchez, Esq. argued on behalf of her client. The Court verbally indicated its intention to grant the motions and directed counsel to supply evidence, in the form of affidavits, of fees and expenses incurred in

their efforts to compel the Debtor to comply with the Court's orders. The same have now been filed. This instruction was likewise given to Eric S. Miller, Esq., counsel for Betty J. Cordial and Larry D. Cordial, also creditors herein, and Mr. Miller has accordingly supplied an affidavit relative to his fees in seeking to examine the Debtor under Rule 2004.

The Court would observe that rarely, if ever, in over twenty-five years on the bench, has it had the misfortune to deal with a debtor so recalcitrant, so oblivious to her responsibilities and duties as a debtor seeking the protection of the bankruptcy laws, as Mrs. McCaulley. Most frustrating, perhaps, is that all of her actions, and non-actions, are undertaken with the wide-eyed feigned innocence of a poor, helpless widow who simply does not understand the importance of attending hearings (or punctuality of appearance at those she does deign to favor with her presence) and who has frustrated a string of attorneys whom she has persuaded to appear on her behalf and who have tried valiantly to help her, to deal with and communicate with her, all without visible success with the result that each has requested the Court to permit his or her withdrawal as counsel of record for the Debtor. Mrs. McCaulley is currently without representation, despite her assurances that she is "in negotiations" with counsel to enter the case on her behalf.

The Court clearly has the right to impose sanctions to compel compliance with its orders and attempt to redress the wrongs done to third parties by a debtor who refuses to obey. *The Elder–Beerman Stores Corp. v. Thomasville Furniture Industries, Inc. (In re the Elder–Beerman Stores Corp.)*, 197 B.R. 629 (Bankr.S.D.Ohio 1996).

Accordingly, the Court **GRANTS** the motions before it and awards, as sanctions for the Debtor's unwarranted obstructive conduct, compensation to various counsel as follows, taking into account, where applicable, the Court's Guidelines for Compensation which permit only one-half of each professional's asserted hourly rate for time spent in travel:

To Rick L. Brunner, Esq. and Marla K. Bressler, Esq. of Brunner & Brunner Co., L.P.A. the sum of:     $1,252.50

To Michael P. Morley, Esq. of Weldon, Huston & Keyser, counsel for J.A. Reeder & Sons, Inc.; Ray Kissel, CPA; Terry Mairs; Mary L. McCaulley, Administratrix; McCaulley Dairy, Inc. and Wintersong Village of Hayesville, Inc. the sum of:     $1,350.00

To Eric S. Miller, Esq., counsel for Betty J. Cordial and Larry D. Cordial the sum of:     $ 704.50

IT IS SO ORDERED.